UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYREFE KELLY,

                          **Plaintiff,**

      -against-

WARDEN CARTER, et al.,

                         **Defendants.**

21-cv-8992 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Tyrefe Kelly, proceeding *pro se*, brings this action pursuant to 42 U.SC. § 1983 alleging that Defendants Warden Carter, Captain Guerra, Captain John Doe, and Captain Horton violated his constitutional rights while he was detained on Rikers Island. Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), Defendants' motion is **GRANTED**.

## FACTUAL BACKGROUND

      When determining whether to dismiss a case, the court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The following facts alleged in the Complaint are thus assumed to be true for the purposes of this motion.

      Plaintiff was a pre-trial detainee in custody at the Vernon C. Bain Center at Rikers Island by the New York City Department of Correction. (Compl. at 2.) On October 5, 2021, at around 11:45 a.m., Plaintiff and several other inmates were assigned to Housing Unit 3-AA where they were housed for two to three days without toilet paper, soap or a toothbrush. (*Id.* at 4.) After complaining about these conditions to Defendant Captain Guerra, the inmates were transferred to

1

intake holding cells where "the toilet was turned off" and Plaintiff and other inmates were not given any food or water for seven or eight hours. (*Id.* at 5.)

This deprivation caused Plaintiff to be "hungry, [and] thirsty for an extremely long time", fatigued, and "robbed [him] of proper nutrition…" (*Id.*) Plaintiff suffered from nausea and dehydration from the lack of food and water and bleeding gums from the lack of toothbrush. (*Id.*) Additionally, Plaintiff "was not able to perform [normal] daily activities and functions", and describes the experience as "overall physically harmful" as well as "psychologically harmful". (*Id.*)

## PROCEDURAL HISTORY

The Complaint was initially filed on October 19, 2021 by a group of 23 incarcerated plaintiffs, proceeding *pro se*. (*Le v. Carter, et al.*, 21-cv-08629-PAE-RWL, ECF No. 1.) On November 1, 2021, Chief Judge Laura Taylor Swain severed the claims of the individual plaintiffs and directed that each case be assigned its own docket number and randomly assigned to a district judge. (*Le v. Carter, et al.*, 21-cv-08629-PAE-RWL, ECF No. 43.) Mr. Kelly's individual case was assigned to this Court.

The Court issued an Order of Service, directing Defendants to "ascertain the identity and badge number of [Defendant] 'Captain John Doe,' whom Plaintiff seeks to sue here, and the address where that defendant may be served." (ECF No. 7.) Plaintiff was directed that he should file an amended complaint within 30 days of receiving the relevant information from Defendants. (*Id.*) On July 1, 2022, Defendants filed a letter indicating that they had furnished Plaintiff with the information to identify the "Defendant Captain John Doe", but noted that Plaintiff had still not filed an amended complaint. (ECF No. 11.) The Court issued an additional order directing

Plaintiff to file an amended complaint by August 6, 2022 (ECF No. 12); however, Plaintiff did not file an amended complaint by that time.

On August 31, 2022, Defendants filed a motion to dismiss the original complaint, arguing that: (1) Plaintiff had failed to exhaust his administrative remedies and (2) Plaintiff had failed to allege facts giving rise to the level of a constitutional violation. (ECF Nos. 15, 17.) After Plaintiff failed to respond to Defendants' motion, the Court *sua sponte* extended his deadline to respond to **July 21, 2023** and directed Defendants to serve a copy of their motion papers on Plaintiff's latest known address as listed on New York State Incarcerated Lookup.[1] (ECF No. 24.) The Court warned Plaintiff that a failure to respond to the motion would result in the Court deciding the motion based on Defendants' submission alone. (*Id.*) To date, Plaintiff has not responded to the motion to dismiss; thus, the Court deems the motion unopposed.

## LEGAL STANDARD

On a Rule 12(b)(6) motion, the court must "assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Allegations that are "no more than conclusions[ ] are not entitled to the assumption of truth," and "'naked assertion[s]' devoid of 'further factual enhancement'" or "the defendant-unlawfully-harmed-me accusation[s]" are not sufficient to show that a plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 678–79 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 557 (2007)). Nor must a court accept as true "legal conclusions" or "a legal conclusion couched as a factual allegation." *Id*.

---

[1] Available at https://nysdoccslookup.doccs.ny.gov/.

As Plaintiff is proceeding *pro se*, the Court is mindful that a *pro se* party's pleadings must be "liberally construed" in favor of that party and "are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (internal quotation marks and citations omitted). "*Pro se* litigants must nonetheless abide by the same rules that apply to all other litigants." *Farmer v. United States*, No. 15-cv-6287, 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citations and quotation marks omitted).

## DISCUSSION

Under the PLRA, a prisoner may not bring an action "with respect to prison conditions under Section 1983…until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion prior to filing a lawsuit is compulsory, regardless of 'whether the lawsuit involves general circumstances or particular episodes' or of the fit 'between a prisoner's prayer for relief and the administrative remedies possible.'" *Mitchell v. Sepowski*, No. 13-cv-05159 ALC, 2014 WL 4792101, at *2 (S.D.N.Y. Sept. 25, 2014) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)) (citations and alterations omitted). Proper exhaustion requires that inmates "complete the administrative review process in accordance with the applicable procedural rules." *Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009) (per curiam) (internal quotation marks omitted); *see also Perez v. City of New York*, No. 14-cv-07502 LGS, 2015 WL 3652511, at *4 (S.D.N.Y. June 11, 2015) ("An inmate 'must procedurally exhaust his claims by complying with the system's critical procedural rules.'") (quoting *Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007)).

"A failure to exhaust argument is an affirmative defense, such that a plaintiff is not required to plead that they have exhausted administrative remedies in their complaint." *Mitchell,*, 2014 WL 4792101, at *2. A court may grant a Rule 12(b)(6) "[d]ismissal of a complaint for failure to exhaust…where 'it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA

4

exhaustion requirement.'" *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *McKinney v. City of New York*, No. 19-cv-05320, 2020 WL 5775664, at *4 (S.D.N.Y. July 23, 2020)).

In *Ross v. Blake*, the Supreme Court clarified that an inmate's failure to exhaust administrative remedies may be excused where the administrative remedy, "although officially on the books", was actually "unavailable" to him or her. 578 U.S. 632, 643. This may occur in three circumstances. First, an administrative remedy is unavailable "when…it operates as a simple dead end." *Id.* at 643. Second, the same is true when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use," which would be the case when "some mechanism exist[ed] to provide relief, but no ordinary prisoner [could] discern or navigate it." *Id.* at 644. Third, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," an administrative remedy is unavailable. *Id.* However, the "unavailability of administrative remedies under the PLRA cannot be "based upon an act of violence or other hostile act ... because of a generalized fear that any grievance or complaint could lead to more violence...." *see Terry v. N.Y.C./D.O.C./V.C.B.C. Warden Carter*, No. 21-CV-8995-GHW, 2023 WL 199594, at *6 (S.D.N.Y. Jan. 17, 2023) (citing *Lucente v. County of Suffolk*, 980 F.3d 284, 312 (2d Cir. 2020)).

Here, Plaintiff's claims are subject to the Inmate Grievance and Request Program ("IGRP") at Riker's Island. *Terry*, 2023 WL 199594, at *5 ("'The IGRP applies to '[a]ny inmate who is directly and personally affected by an issue, condition, practice, service, or lack of an accommodation with regard to any issue that may arise in connection with their incarceration or action relating to their confinement.'") (quoting Massey v. City of New York, No. 20 Civ. 5665, 2021 WL 4943564, at *7 (S.D.N.Y. Aug. 30, 2021)). Courts regularly take judicial notice of the

applicable IGRP procedures.  *See Hickman v. City of New York*, No. 20-CV-4699 (RA)(OTW), 2021 WL 3604786, at *3 (S.D.N.Y. Aug. 12, 2021) (collecting cases).

The December 10, 2018 version of the IGRP provides for the following procedure for processing and resolving inmate complaint: "(1) submission of a complaint to the Office of Constituent and Grievance Services; (2) an appeal to the facility's Commanding officer; (3) an appeal to the facility's Division Chief; and (4) an appeal to the Central Office Review Committee." *Young v. Carter*, No. 21-CV-8973 (MKV), 2023 WL 2430408, at *2 (S.D.N.Y. Mar. 9, 2023) (citing N.Y. City Dep't of Correction, Directive 3376R-A (effective Dec. 10, 2018), https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf).  "Each of these steps can take between five and seven days, such that the entire 'grievance process may take several weeks to complete.'"  *Id.* (citing *Bush v. City of New York*, No. 19-cv-5319, 2021 WL 1198321, at *2 (S.D.N.Y. Marc. 30, 2021)).

The Court finds that it is apparent from the face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to filing in federal court.  Plaintiff alleges that this incident began on October 5, 2021, and lasted for two to three days.  (Compl. at 2.)  Plaintiff signed the Complaint on October 6, 2021.  (*Id.* at 10.)  The Complaint was then filed in federal court on October 19, 2021.  (*Le v. Carter, et al.*, 21-cv-08629-PAE-RWL, ECF No. 1.)  As other judges have noted in the severed cases, this very short period of time between the events at issue and the filing of the Complaint, makes it "virtually impossible that the plaintiff could have completed these steps and received a final decision, thereby exhausting the IGRP procedures, before initiating this action." *Kingsberry v. Carter*, No. 21-cv-9076, 2022 WL 10142889, at *2 (S.D.N.Y. Oct. 17, 2022); *see also Young*, 2023 WL 2430408, at *3; *Terry v. Carter*, 2023 WL 199594 at *5; *Corchado v. Carter*, No. 21-CV-8984 (VSB), 2022 WL 4096165, at *4 (S.D.N.Y. Sept. 7, 2022);

*Dinan v. Carter*, No. 21-CV-8987-LTS, 2023 WL 2601298, at *1 (S.D.N.Y. Mar. 22, 2023); *Daniels v. Carter*, No. 21-CV-8985ATSLC, 2022 WL 17979915, at *7 (S.D.N.Y. Nov. 22, 2022), *report and recommendation adopted*, No. 21-CIV-8985 (AT)(SLC), 2022 WL 17978908 (S.D.N.Y. Dec. 28, 2022); *Thompson v. Carter*, No. 21-cv-8982, 2022 WL 2533112, at *3 (S.D.N.Y. July 7, 2022*); McCray v. Carter*, No. 21-cv-9051, 2022 WL 6854524, at *3 (S.D.N.Y. Oct. 12, 2022), *report and recommendation adopted*, No. 21-cv-9051, 2022 WL 16541173 (S.D.N.Y. Oct. 27, 2022); *Lee v. Carter*, No. 21-cv-8629, 2022 WL 3441654, at *6 (S.D.N.Y. July 28, 2022).

Additionally, there is nothing on the face of the Complaint that suggests that the IGRP procedures were unavailable to Plaintiff. *See Terry*, 2023 WL 199594, at *6 ("In this case, the Court believes that a reasonable inference can be drawn from the face of the complaint that [plaintiff's] filing prior to the completion of the grievance process was not justified by the unavailability of the grievance process…")  By failing to respond to Defendants' motion to dismiss, Plaintiff has not furnished the Court with any other additional information or evidence from which to infer that the grievance procedures were unavailable to him, which is fatal to him bringing his claim in federal court. *See Mitchell*, 2014 WL 4792101, at *2.  Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies, and Defendants' motion to dismiss is granted.

## CONCLUSION

For the reasons set out above, Defendants' motion to dismiss is **GRANTED**.  The Clerk of Court is respectfully requested to terminate the pending motion at ECF No. 15, close this case, and to mail a copy of this Opinion and Order to Plaintiff at:

    Franklin Correctional Facility
    62 Bare Hill Road

P.O. Box 10
Malone, NY 12953-0010
DIN: 22R1561

**SO ORDERED.**

**Dated: August 18, 2023**
　　　**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**